DUKAJ v DEPARTMENT OF SOCIAL SERVICES (ON REMAND)

Docket No. 98224. Submitted December 9, 1987, at Lansing. Decided January 4, 1988.

Petitioner, Mark Dukaj, was a recipient of aid to families with dependent children when his benefits were terminated by the Department of Social Services because of his receipt of a lump sum workers' compensation settlement in May of 1982. Dss determined that he would be ineligible for AFDC benefits until June, 1984. The proceeds from petitioner's settlement were almost immediately paid over to two creditors to pay loans made while petitioner was employed. Petitioner applied for benefits, but his application was denied and he took no appeal from that decision. In July, 1982, petitioner left the family home, and his wife applied for benefits. Her application was denied, but she received approval for medicare and food stamp benefits. A hearing referee upheld the Dss's denial of the application, and no appeal was taken to the circuit court. In April, 1983, Dss adopted a policy to allow an exception to the lump sum rule for a life-threatening circumstance which was defined as one which poses a danger to the health and safety of the group or of a group member. In May, 1983, petitioner moved back into the family home and reapplied for benefits, seeking a recalculation of the period of his ineligibility in light of his loss of the workers' compensation award. His application was denied, the hearing referee determining that the press for repayment of the loans did not constitute a life-threatening circumstance and that, even if it did, its coming before the policy change disqualified it. Petitioner appealed to the Wayne Circuit Court, which affirmed, Maureen Pulte Reilly, J., concluding that recalculation of the ineligibility period could occur if (1) a life-threatening circumstance exists, and (2) the lump sum was used to take care of the life-threatening situation and that only the latter had occurred. Petitioner appealed and the Court of Appeals held that the life-threatening circumstance

REFERENCES

Am Jur 2d, Welfare Laws §§ 6 et seq.

Supreme Court's view as to construction and application of Aid to Families with Dependent Children (AFDC) provisions of Social Security Act (42 USCS secs. 601-615). 84 L Ed 2d 917.

need only occur during the period of ineligibility but that the holding applied prospectively only. 152 Mich App 433 (1985). Petitioner sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, remanded, holding that it was error to deny petitioner the benefit of the holding. The Court of Appeals remanded to the Department of Social Services for factual findings as to whether petitioner's situation was life-threatening. The hearing officer found that it was.

On remand, the Court of Appeals *held:*

Petitioner is entitled to the benefit of the life-threatening circumstance exception.

Reversed.

*Michigan Legal Services* (by *Marilyn Mullane*), and *Wayne County Neighborhood Legal Services, Inc.* (by *Mosabi Hamed*), for Mark Dukaj.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Constance J. Hobson,* Assistant Attorney General, for the Department of Social Services.

ON REMAND

Before: DANHOF, C.J., and HOOD and J. B. SULLIVAN, JJ.

PER CURIAM. This case has been remanded to us by order of our Supreme Court, 428 Mich 855 (1987), vacating our decision at 152 Mich App 433; 394 NW2d 38 (1986). We have been instructed to determine whether petitioner's situation qualifies under the "life threatening circumstance" exception to the lump sum rule, 42 USC 602(a)(17). The exception was adopted by the Department of Social Services on April 1, 1983. On April 16, 1987, we remanded to the Department of Social Services for entry of factual findings as to whether petitioner's situation was life-threatening. The hearing officer

found that petitioner had experienced a life-threatening circumstance causing loss of a lump sum payment. Therefore, the circuit court's ruling that petitioner is not entitled to the benefit of the life-threatening circumstance exception is reversed.